UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61608-CIV-COHN/SELTZER

NANOTECH ENTERTAINMENT, INC.,

    Plaintiff,

v.

R&T SPORTS MARKETING, INC., LONG SIDE VENTURES, LLC, BEN KAPLAN, and DANIEL KAPLAN,

    Defendants.
_____/

## ORDER GRANTING MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand to State Court [DE 11] ("Motion"). The Court has reviewed the Motion, Defendants' Opposition [DE 22], Plaintiff's Reply [DE 23], Defendants' Sur-reply [DE 24-1], and the record in this case, and is otherwise advised in the premises. As discussed more fully herein, the Court will grant the Motion and will remand this case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

## I. BACKGROUND

This action involves a dispute relating to a series of loan agreements. See generally DE 1-2 ("Complaint"). Plaintiff Nanotech Entertainment, Inc. ("Nanotech") entered into a number of loan agreements with Defendant Long Side Ventures, LLC ("Long Side"). Id. ¶¶ 9–15. Nanotech alleges that it later discovered the loan agreements to be part of a conspiracy by Defendants to defraud it of its stock and charge usurious interest rates. E.g., id. ¶¶ 21–30. On this basis, Nanotech filed suit against Defendants in the Circuit Court of the Seventeenth Judicial Circuit in and for

Broward County, Florida, alleging various causes of action relating to breach of contract, fraud, and illegal lending practices. Defendants subsequently removed the action to this Court on the basis of diversity jurisdiction. See generally DE 1 ("Notice of Removal"). Nanotech now moves to remand the case to state court. DE 11.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant generally may remove a civil action from state court to federal court if the federal court could exercise original subject-matter jurisdiction over the controversy. On the other hand, a plaintiff may seek to remand an improperly removed action to state court. See 28 U.S.C. § 1447(c). Removal statutes are strictly construed, and any doubts will be resolved in favor of remand. Miedema v. Maytag Corp., 450 F.3d 1322, 1328–29 (11th Cir. 2006). "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

## III. DISCUSSION

In the Motion, Nanotech argues that Defendants, who include citizens of Florida, cannot remove a case to this Court based upon diversity jurisdiction. Defendants do not dispute that the text of 28 U.S.C. § 1441(b)(2) precludes removal of this case on the basis of diversity jurisdiction. Instead, Defendants argue that Nanotech waived its right to object to a lack of jurisdiction, that the Court has federal-question jurisdiction over the action, and that Nanotech failed to comply with the pre-filing conference requirement of the Court's Local Rules before filing its Motion. The Court rejects each of Defendants' arguments, and will remand the action to state court.

As a preliminary matter, the Court agrees with the basic premise of Nanotech's Motion that Defendants may not remove this action from state court on the basis of

diversity jurisdiction. The statute providing for removal, 28 U.S.C. § 1441, reads in pertinent part:

> A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the . . . defendants is a citizen of the State in which such action is brought.

Id. § 1441(b)(2). The Notice of Removal concedes that certain Defendants are citizens of Florida. DE 1 at 4–5. Therefore, Defendants could not remove Nanotech's action from Florida's state courts to this Court on the basis of diversity jurisdiction. Tellingly, Defendants do not contest Nanotech's assertion that the text of section 1441(b)(2) precludes removal of the case on diversity grounds. Defendants instead raise a handful of collateral defenses to Nanotech's arguments for remand.

For example, Defendants argue that Nanotech waived its right to object to the Court's subject-matter jurisdiction when it signed the loan agreements at issue in this case, which contain the following forum selection clause:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Florida without regard to principles of conflicts of laws. Any action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the state courts of Florida or in the federal courts located in the State of Florida and county of Broward. The parties to this Agreement hereby irrevocably waive any objection to jurisdiction and venue of any action instituted hereunder and shall not assert any defense based on lack of jurisdiction or venue or based upon forum non conveniens.

DE 22 at 4. Before getting to the meat of Defendants' argument, a few points bear noting. First, federal district courts may act only within the limits of their jurisdiction. The requirement of subject-matter jurisdiction may never be waived or conferred by agreement of the parties. Latin Am. Prop. & Cas. Ins. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir. 1989). However, the "forum defendant rule" imposed by section 1441(b)(2) is not a jurisdictional limitation, and is instead a procedural hurdle to

remand. Therefore, a party may waive its arguments for remand based on section 1441(b)(2). Courtney v. BLP Mobile Paint Mfg. Co., No. 12-0318, 2012 WL 5869120 at *1–2 (S.D. Ala. Nov. 19, 2012) (collecting cases).

Nevertheless, Defendants' waiver argument is without merit. The parties to the loan agreements—Nanotech and Long Side—unambiguously waived any objection to venue. Numerous federal courts have found that the waiver of an objection to venue functions as a waiver of the right to remove a case to federal court, and have remanded cases where the removing party signed a contractual waiver of objections to venue. See, e.g., iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081, 1082 (8th Cir. 2005) (per curiam); accord Ocwen Orlando Holdings Corp. v. Harvard Prop. Trust, LLC, 526 F.3d 1379, 1381 (11th Cir. 2008) (holding that forum selection clause waiving right to transfer also waived right to remove to federal court). See also Push Pedal Pull, Inc. v. Casperson, 971 F. Supp. 2d 918, 928–29 (D.S.D. 2013) (waiver of right to remove functions as waiver of right to consent to removal); Insight Holding Group, LLC v. Sitnasuak Native Corp., 685 F. Supp. 2d 582, 590–91 (E.D. Va. 2010) (same). Because Long Side waived its right to take issue with Nanotech's laying of venue in the state courts of Broward County, it similarly waived its right to remove a case filed in those courts, or to consent to removal. The forum selection clause in the loan agreements thus functions as an independent basis for remand, rather than a waiver of Nanotech's objections to removal.

Defendants also argue that remand is unnecessary because the Court can exercise federal-question jurisdiction over this case under 28 U.S.C. § 1331. DE 22 at 5–9. Defendants, however, based their Notice of Removal entirely upon diversity

4

jurisdiction under 28 U.S.C. § 1332. DE 1 at 2, 4–5. A court's jurisdiction in a removed action must be determined by reference to the notice of removal (Office of Atty. Gen. v. Hess, No. 08-61840, 2008 WL 4952477 at *2 (S.D. Fla. Nov. 18, 2008)), and a defendant cannot raise new grounds for removal in opposition to a motion for remand. See Rader v. Sun Life Assur. Co., 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013). Because Defendants did not assert federal-question jurisdiction in their Notice of Removal, they cannot invoke it now.

Alternatively, Defendants argue that they should be allowed to amend the Notice of Removal to include allegations of federal-question jurisdiction. DE 22 at 3. A defendant may freely amend its notice of removal within the 30-day period allowed for removal under 28 U.S.C. § 1446. Hayduk v. United Parcel Serv., Inc., 930 F. Supp. 584, 592 (S.D. Fla. 1996). Here, Defendants raised the possibility of amendment in their opposition papers, 39 days after filing the Notice of Removal, and thus after the 30-day period for removal had expired under 28 U.S.C. § 1446. In tacit recognition of the fact that the time for amendment of the Notice of Removal had expired under section 1446, Defendants instead invoke 28 U.S.C. § 1653 as permitting amendment. DE 22 at 3.

However, a notice of removal may be amended under section 1653 only to develop jurisdictional allegations that were imperfectly stated in the original notice. "An imperfect or defective allegation is distinguished from a missing allegation, which may not be added by amendment after the 30-day period has expired." Am. Educ. Fin. Corp. v. Bennett, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996) (citing 14A Charles Alan Wright *et al.*, Federal Practice & Procedure § 3733 (2d ed. 1985)). "Section 1653 . . . does not allow the removing party to assert additional grounds of jurisdiction not included in the

5

original [notice of removal] . . . ." Wash. Mut. Bank v. Schoenlaub, No. 07-460, 2007 WL 2572105 at *4 (M.D. Fla. Sept. 4, 2007).

Defendants' new jurisdictional arguments do not clarify or develop the allegations of diversity jurisdiction in the Notice of Removal. Instead, Defendants jettison their original jurisdictional allegations for a wholly new theory of federal-question jurisdiction. Because section 1653 does not allow amendment to raise such new and independent jurisdictional bases, Defendants may not use section 1653 to add the allegations of federal-question jurisdiction to the Notice of Removal. See, e.g., Whitehead v. Nautilus Group, Inc., 428 F. Supp. 2d 923, 928–30 (W.D. Ark. 2006) (rejecting amendment under section 1653 to add allegations of federal-question jurisdiction); Stein v. Sprint Commc'ns Co., 968 F. Supp. 371, 375–77 (N.D. Ill. 1997) (same).

Finally, Defendants argue that the Motion should be denied because Nanotech failed to comply with Rule 7.1(a)(3) of the Court's Local Rules. DE 22 at 2–3. Rule 7.1(a)(3) relates to pre-filing conferences of counsel. It requires a lawyer to confer with opposing counsel prior to filing most motions and to include a certification that the conference took place. Failure to comply with the rule "may be cause for the Court to . . . deny the motion." S.D. Fla. L.R. 7.1(a)(3). Nanotech concedes that it has failed to comply with Rule 7.1(a)(3), but represents that its failure was inadvertent and requests that the Court nevertheless grant the Motion. DE 23 at 9–10.

The Court takes the pre-filing requirements of Rule 7.1(a)(3) seriously, and has at times denied motions for failure to comply with the Rule. However, the impact of a party's failure to comply with Rule 7.1(a)(3) is ultimately left with the discretion of the Court. See S.D. Fla. L.R. 7.1(a)(3) (failure to comply "may" be cause for denial of

6

motion); Lawrence v. VB Project, LLC, No. 14-60289, 2014 WL 4545930 at *2 (S.D. Fla. Sept. 12, 2014). Nanotech's Motion implicates the Court's jurisdictional competency to hear this case. The Court will not rely upon the pre-filing conference requirement of Rule 7.1(a)(3) to retain jurisdiction where it should not. Further, Nanotech candidly admits to failing to comply with the Rule, but represents that its failure was inadvertent. Under these circumstances, the Court determines that Nanotech's failure to confer with counsel or file a certificate of conference under Rule 7.1(a)(3) does not justify denial of Nanotech's request for remand. However, because a pre-filing conference could have obviated or narrowed the issues raised in the parties' papers, thereby conserving the time and effort of the parties and the Court, that portion of the Motion seeking an award of attorneys' fees and costs under 28 U.S.C. § 1447(c) for improper removal will be denied.

## IV.  CONCLUSION

Nanotech has shown that Defendants' removal of this action from state court on the basis of diversity jurisdiction was improper, and Defendants may not now amend the Notice of Removal to allege alternate grounds for jurisdiction. The Court rejects Defendants' argument that Nanotech has waived its right to object to removal. Finally, Nanotech's failure to comply with Rule 7.1(a)(3) of the Court's Local Rules does not justify denial of its request for remand. It is accordingly

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Remand to State Court [DE 11] is **GRANTED in part** and **DENIED in part**. This action is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. However, Plaintiff shall not recover costs or attorneys' fees from Defendants

under 28 U.S.C. § 1447(c). The Clerk of Court is directed to **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of September, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF